UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                              Case No.:  12-30081-EPK

CLSF III IV, Inc., *et al.*,                                        (Substantively Consolidated)
                                                                    Chapter 7

      Debtors.

_____/

DEBORAH C. MENOTTE, Chapter 7 Trustee,

      Plaintiff,

v.                                                                  Adv. No. 14-01595-EPK

SUNSTAR FINANCIAL, LLC and REED
COLLINGWOOD,

      Defendants.

_____/

**PLAINTIFF'S MOTION FOR ENTRY OF PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW FOR SUBMISSION TO THE DISTRICT COURT FOR
ENTRY OF JUDGMENT BY DEFAULT AGAINST DEFENDANT,
<u>SUNSTAR FINANCIAL, LLC</u>**

      Deborah C. Menotte, Chapter 7 Trustee (the "Plaintiff"), by and through undersigned counsel, moves the Court ("the "Motion") pursuant to *Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, ___ U.S. ___, 134 S. Ct. 2165 (2014) (hereafter, "*Bellingham*"), and Fed. R. Bankr. P. 7055 and Local Rule 7055-2, for the entry of proposed findings of fact and conclusions of law for submission to the United States District Court for the Southern District of Florida (the "District Court") for entry of final judgment by default against Sunstar Financial, LLC (the "Defendant" or "Sunstar").  In support of this Motion, Plaintiff states:

1.      This adversary proceeding was commenced by Plaintiff on August 21, 2014, upon the filing of a *Complaint to Avoid and Recover Fraudulent Transfers* [ECF No. 1] (the "Complaint"). A summons (the "Summons") was issued on August 22, 2014.

2.      The Complaint seeks to avoid and recover fraudulent transfers made to Defendant pursuant to Florida law, *Florida Statutes*, Chapter 726, made applicable to this adversary proceeding pursuant to 11 U.S.C. § 544(b).

3.      On August 28, 2014, true and correct copies of the Summons, Complaint and *Order Setting Filing and Disclosure Requirements for Pretrial and Trial* (the "Pretrial Order") [ECF No. 3] were served upon Defendant by first class, U.S. Mail, at the following address: Sunstar Financial, LLC, Attn.:  Reed Collingwood, Registered Agent, 40 Lake Bellevue, Suite 100, Bellevue, WA 98005.  The package was not returned as undeliverable.

4.      Defendant was duly served with a copy of the Complaint and Summons but failed to answer or otherwise respond to the Complaint as set forth in the Plaintiff's *Verified Motion for Clerk's Default Against Sunstar Financial, LLC* [ECF No. 5] and the *Affidavit of Trustee in Support of Plaintiff's Motion for Entry of Proposed Findings of Fact and Conclusions of Law for Submission to the District Court for Entry of Judgment By Default Against Defendant, Sunstar Financial, LLC*, which is required by the Local Rules of this Court, and is attached hereto as **Exhibit "A."**

5.      On September 30, 2014, the Clerk of the Court entered a default against Defendant, Sunstar Financial, LLC. [ECF No. 7]

6.      Accordingly, the allegations of the Complaint are now deemed admitted by Defendant and Plaintiff is entitled to a final judgment by default against Defendant.

7.      However, while historically this Court has entered final default judgments in adversary proceedings asserting fraudulent transfer claims based upon applicable state law like those asserted in the Complaint, that practice has been implicitly called into question by the Supreme Court in *Bellingham* in which it reiterated that a state (Washington) law fraudulent transfer action is not a  matter of "public right," citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 32, 55 (1989), and held that *de novo* review and judgment by an Article III Judge cured any constitutional deficiencies raised in *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011). Accordingly, pursuant to *Bellingham*, Plaintiff respectfully requests that the Court issue proposed findings of fact and conclusions of law for submission to the District Court so that it can enter the final default judgment requested herein and, in so doing, avoid any argument that a final default judgment issued by this Court is unenforceable.

**WHEREFORE,** for the reasons set forth above, Plaintiff respectfully requests that this Court (i) enter an order granting this Motion, in the form attached hereto as **Exhibit "B",** (ii) enter proposed findings of fact and conclusions of law, in the form attached hereto as **Exhibit "C,"** for submission to the District Court so that it can enter final default judgment against Defendant, and (iii) grant such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the 13th day of October, 2014, by first class, U.S. Mail upon all parties on the attached Service

List.

Dated:  October 13, 2014

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel to the Plaintiff*
350 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Telephone:  (954) 525-9900
Facsimile:  (954) 523-2872

By: /s/  *Deborah B. Talenfeld*
      Leslie Gern Cloyd
      Florida Bar No. 303305
      E-mail:  lcloyd@bergersingerman.com
      Deborah B. Talenfeld
      Florida Bar No. 948004
      E-mail:  dtalenfeld@bergersingerman.com

## <u>SERVICE LIST</u>

Reed Collingwood
27127 N. 137th St
Scottsdale, AZ 85262-7890

Reed Collingwood
P.O. Box 1347
Bellevue, WA 98009-1347

Sunstar Financial, LLC
Attn.: Reed Collingwood, Registered Agent
40 Lake Bellevue, Suite 100
Bellevue, WA 98004

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                          Case No.:  12-30081-EPK

CLSF III IV, Inc., *et al.*,                    (Substantively Consolidated)
                                                Chapter 7
     Debtors.
_____/
DEBORAH C. MENOTTE, Chapter 7 Trustee,

     Plaintiff,

v.                                              Adv. No. 14-01595-EPK

SUNSTAR FINANCIAL, LLC and REED
COLLINGWOOD,

     Defendants.
_____/

**AFFIDAVIT OF TRUSTEE IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR SUBMISSION
TO THE DISTRICT COURT FOR ENTRY OF JUDGMENT BY DEFAULT AGAINST
<u>DEFENDANT, SUNSTAR FINANCIAL, LLC</u>**

STATE OF FLORIDA          )
                           ) SS.
COUNTY OF PALM BEACH    )

     Deborah C. Menotte, Chapter 7 Trustee of the estates of CLSF III IV, Inc., *et al.*, being

duly sworn by me, the undersigned authority, a Notary Public within and for Palm Beach

County, Florida, deposes and states:

     1.       On August 22, 2012 (the "Initial Petition Date"), the above-captioned bankruptcy

case was commenced by the filing of an involuntary petition for relief in this Court against CLSF

III IV, Inc. (the "Debtor") under Chapter 7 of the Bankruptcy Code.

     2.       Thereafter, between October 24 and November 7, 2012, thirty-two affiliates (the

"Affiliates") of the Debtor (together with the Debtor, collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

3.      I am the duly appointed and acting Chapter 7 Trustee of the Debtors' estates.

4.      On December 11, 2012, the Chapter 7 cases of the Debtor and the Affiliates were jointly administered.

5.      On October 2, 2013, this Court entered an order [Main Case ECF No. 561] approving the substantive consolidation of the bankruptcy estate of CLSF III IV, Inc. with that of the bankruptcy estates of the thirty-two Affiliates and numerous non-debtor entities (the "non-debtor Entities").

6.      On December 19, 2013, this Court entered an order [ECF No. 649] clarifying that, (i) with respect to the Non-debtor Entities, including CLSF XXXIX Corporation, the petition date was September 25, 2012 for all purposes, and (ii) with respect to the Debtors, the effective petition date was the actual date of the filing of the respective voluntary or involuntary petition for each Debtor.

7.      On August 6, 2014, this Court entered an order [Main Case ECF No. 857] approving the substantive consolidation of the bankruptcy estate of debtor Deborah Catherine Peck, and the estate of non-debtor entity Deborah C. Peck, Esq. PA ("Peck PA") with the previously substantively consolidated Debtors, and providing that the effective petition date for Peck PA was September 25, 2012 (the "Petition Date").

8.      I am familiar with the matters set forth in the above-captioned adversary proceeding and submit this affidavit in support of *Plaintiff's Motion for Entry of Proposed Findings of Fact and Conclusions of Law for Submission to the District Court for Entry of Judgment By Default Against Defendant, Sunstar Financial, LLC*, pursuant to Fed. R. Civ. P.

55(b)(1), made applicable herein by Fed. R. Bankr. P. 7055, and Local Rule 7055-1.

9.      On August 21, 2014, the Plaintiff commenced this adversary proceeding by the filing of a *Complaint to Avoid and Recover Fraudulent Transfers* [ECF No. 1] (the "Complaint"). A summons (the "Summons") was issued on August 22, 2014.

10.     As set forth in the Complaint, prior to the Initial Petition Date, between August 22, 2008 and August 22, 2012, the Debtors made wire transfers in the total amount of $1,404,000.00 (the "Pre-Initial Petition Date Transfers") directly to Sunstar Financial, LLC ("Sunstar").

11.     The effective petition date in regard to the sale of specific Policies is as provided in the Court's December 19, 2013 order [Main Case ECF No. 649]. Pursuant to that order, the effective petition date for Non-debtor Entities is September 25, 2012 (the "Effective Petition Date").

12.     Prior to the Effective Petition Date, on September 13, 2012, the sum of $156,371.81 was wired to the escrow account of attorney Arthur Feuerborn ("Feuerborn") for the purchase of a Policy from the Debtors on the life of the insured, Gluck. On the following date, September 14, 2012, Feuerborn transferred $55,547.81 (the "September 14 Transfer") of this sum to Sunstar.

13.     On November 1, 2012, after the Effective Petition Date, the sum of $435,732.94 was wired to Feuerborn for the purchase of a Policy from the Debtors on the life of insured, Rosenberg. On the following date, November 2, 2012, Feuerborn transferred $146,250.00 of this sum to Sunstar (the "Post-Petition Transfer").

14.     On August 28, 2014, true and correct copies of the Summons, Complaint and *Order Setting Filing and Disclosure Requirements for Pretrial and Trial* (the "Pretrial Order")

3

[ECF No. 3] were served upon Sunstar by first class, U.S. Mail, at the following address: Sunstar Financial, LLC, Attn.:   Reed Collingwood, Registered Agent, 40 Lake Bellevue, Suite 100, Bellevue, WA 98005.

15.     On August 29, 2014, counsel for Plaintiff filed a *Certificate of Service,* which certified that true and correct copies of the Complaint, Summons and Pretrial Order were served upon Sunstar (as indicated therein) on August 28, 2014 [ECF No. 4].

16.     The Summons, Complaint and Pretrial Order were not returned as undeliverable.

17.     On September 30, 2014, the Clerk of the Court entered an *Entry of Default* [ECF No. 7] against Sunstar pursuant to Plaintiff's *Verified Motion for Default against Sunstar Financial, LLC* [ECF No. 5].

FURTHER AFFIANT SAYETH NAUGHT.

_____
Deborah C. Menotte

STATE OF FLORIDA            )
                            )   ss.
COUNTY OF PALM BEACH        )


The foregoing instrument was acknowledged before me, a person authorized to take oaths and affirmations, this _13_ day of October, 2014, by Deborah C. Menotte, who personally known to me as identification and took an oath and swore that the foregoing was true and correct to the best of his/her/their knowledge.

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires: 7/21/17

> **DENISE C GENTRY**
> MY COMMISSION #FF037271
> EXPIRES July 21, 2017
> (407) 398-0153    FloridaNotaryService.com

4

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                          Case No.:  12-30081-EPK

CLSF III IV, Inc.*, et al.*,                                    (Substantively Consolidated)
                                                                Chapter 7

     Debtors.
_____/
DEBORAH C. MENOTTE, Chapter 7 Trustee,

     Plaintiff,

v.                                                              Adv. No. 14-01595-EPK

SUNSTAR FINANCIAL, LLC and REED
COLLINGWOOD,

     Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR SUBMISSION TO THE
DISTRICT COURT FOR ENTRY OF JUDGMENT BY DEFAULT AGAINST
<u>DEFENDANT, SUNSTAR FINANCIAL, LLC</u>**

     **THIS MATTER** came before the Court on the _____ day of _____, at

_____ a.m., in West Palm Beach, Florida, upon the *Plaintiff's Motion for Entry of*

*Proposed Findings of Fact and Conclusions of Law for Submission to the District Court for Entry of Judgment by Default Against Defendant, Sunstar Financial, LLC* [ECF No. ___] (the "Motion"), filed by Plaintiff, Deborah C. Menotte, Chapter 7 Trustee (the "Plaintiff"), pursuant to Fed. R. Civ. P. 55, as made applicable by Fed. R. Bankr. P. 7055, following the Clerk of the Court's entry of *Default* [ECF No. 7] in this adversary proceeding.  The Court having reviewed the Motion, the *Affidavit of Trustee in Support of Plaintiff's Motion for Entry of Proposed Findings of Fact and Conclusions of Law for Submission to the District Court for Entry of Judgment By Default Against Defendant, Sunstar Financial, LLC* attached to the Motion as Exhibit "A," and the record in this case, it is

   **ORDERED**

   1.  The Motion is **GRANTED**.

   2.  The Court shall enter separate findings of proposed fact and conclusions of law for submission to the District Court for entry of a final judgment by default in favor of the Plaintiff and against the Defendant, Sunstar Financial, LLC (the "Defendant") in the amount of $1,605,797.81, plus post-judgment interest at the applicable federal statutory rate.

# # #

<u>Submitted by:</u>
Deborah B. Talenfeld, Esq.
Berger Singerman LLP
350 E. Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
E-mail:  dtalenfeld@bergersingerman.com

<u>Copy furnished to:</u>
Deborah B. Talenfeld, Esq.
*(Attorney Talenfeld is directed to serve a copy of this Order upon all interested parties and to file a Certificate of Service).*

2

5975103-1

# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Case No.:  12-30081-EPK

CLSF III IV, Inc., *et al.*,                              (Substantively Consolidated)
                                                          Chapter 7
        Debtors.
_____/
DEBORAH C. MENOTTE, Chapter 7 Trustee,

        Plaintiff,

v.                                                        Adv. No. 14-01595-EPK

SUNSTAR FINANCIAL, LLC and REED
COLLINGWOOD,

        Defendants.
_____/

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR SUBMISSION
TO THE DISTRICT COURT FOR ENTRY OF JUDGMENT BY DEFAULT AGAINST
DEFENDANT, SUNSTAR FINANCIAL, LLC**

        The Court having reviewed the Affidavit of Trustee in Support of Plaintiff's Motion for

Entry of Proposed Findings of Fact and Conclusions of Law for Submission to the District Court

for Entry of Judgment By Default Against Defendant, Sunstar Financial, LLC attached to the

Motion as Exhibit "A," and the record in this case, proposes the following findings of fact and

conclusions of law to be submitted to the United States District Court, Southern District of

Florida, for entry of final judgment on default in favor of Plaintiff and against Defendant,

Sunstar Financial, LLC ("Sunstar"):

        1.       This adversary proceeding was commenced by Plaintiff on August 21, 2014, upon

the filing of a *Complaint to Avoid and Recover Fraudulent Transfers* [ECF No. 1] (the

"Complaint").  A summons was issued on August 22, 2014.

2.      The Complaint seeks to avoid and recover fraudulent transfers made to Defendant pursuant to Sections 544, 548, 549 and 550 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and Florida law, *Florida Statutes*, Chapter 726, made applicable to this adversary proceeding pursuant to l1 U.S.C. § 544.

3.      The Court finds that Defendant, Sunstar, was duly served with service of process by first class U.S. Mail on August 28, 2014, and that the Clerk of the Court properly entered a Clerk's Default against Sunstar in the adversary proceeding [ECF No. 7].

4.      Accordingly, the allegations of the Complaint are now deemed admitted by Defendant.

5.      Prior to the Initial Petition Date, between August 22, 2008 and August 22, 2012, Sunstar was the initial transferee of prepetition transfers in the amount of $1,404,000.00 from the Debtors ("Pre-Initial Petition Date Transfers").

6.      The effective petition date in regard to the sale of specific Policies is as provided in the Court's December 19, 2013 order [ECF No. 649].  Pursuant to that order, the effective petition date for Non-debtor Entities is September 25, 2012 ("Effective Petition Date").

7.      Prior to the Effective Petition Date, on September 13, 2012, the sum of $156,371.81 was wired to the escrow account of attorney Arthur Feuerborn for the purchase of a Policy from the Debtors on the life of the insured, Gluck.  On the following date, September 14, 2012, Feuerborn transferred $55,547.81 ("September 14 Transfer") of this sum to Sunstar. Sunstar had no entitlement to receive these funds, which were funds of the Debtors.  Feuerborn was a mere conduit for this transfer.  Sunstar was the initial transferee of the September 14 Transfer.

8.      Sunstar provided no value or benefit to the Debtors for the Pre-Initial Petition

2

Date Transfers or the September 14 Transfer (collectively, the "Prepetition Transfers") to Sunstar.

9.     Defendant, Sunstar, was the initial transferee of the Prepetition Transfers from the Debtors in the total amount of $1,459,547.80.

10.    The Prepetition Transfers constitute fraudulent transfers under Section 548(a)(1)(A) and (a)(1)(B) of the Bankruptcy Code, and Section 726.105(1)(a) and (1)(b), and 726.106(1) of the Florida Statutes.

11.    The Prepetition Transfers are avoidable pursuant to 11 U.S.C. §§ 544 and 548, and are recoverable by the Trustee pursuant to 11. U.S.C. §§ 550.

12.    On November 1, 2012, after the Effective Petition Date, the sum of $435,732.94 was wired to Feuerborn for the purchase of a Policy from the Debtors on the life of insured, Rosenberg.   On the following day, November 2, 2012, Feuerborn transferred $146,250.00 of this sum to Sunstar ("Postpetition Transfer").   Feuerborn was a mere conduit for the Postpetition Transfer.  Sunstar was the initial transferee of the Postpetition Transfer.

13.    The Postpetition Transfer was made after the Effective Petition Date and constitutes property of the Debtors' bankruptcy estate.

14.    The Postpetition Transfer was not authorized by the Bankruptcy Code or the Bankruptcy Court.

15.    The Postpetition Transfer constitutes an unauthorized postpetition transfer of property of the Debtors' estate.

16.    The Postpetition Transfer is avoidable pursuant to 11 U.S.C. § 549, and is recoverable by the Trustee pursuant to 11. U.S.C. §§ 550.

5977980-1

3